SCOTT VOELZ (S.B. #181415)
svoelz@omm.com
PAUL A. HOLTON (S.B. #313047)
pholton@omm.com
ALLISON N. BADER (S.B. #324306)
abader@omm.com
JAMIE BUTTS (S.B. #346647)
jbutts@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California  90071-2899
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

Attorneys for Defendant
Walmart Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SULLIVAN, JAVAL ASHLEY and HILARIO GARCIA<br><br>Plaintiffs<br><br>v.<br><br>WALMART, INC., dba SPARK, and DOES 1 THROUGH 5, inclusive<br><br>Defendants. | Case No. _____<br><br>**WALMART INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement]<br><br>(Los Angeles County Superior Court Case No. 23STCV29220) |

# TABLE OF CONTENTS

**Page**

I.  CLASS ACTION FAIRNESS ACT JURISDICTION. ...................................3

    A.  Plaintiffs' Proposed Class Consists Of More Than 100 Members............................................................................................3

    B.  Diversity Of Citizenship Is Established................................................4

    C.  The Aggregate Amount In Controversy Exceeds $5,000,000.............5

        1.  Breach of Contract Damages .......................................................8

        2.  Attorneys' Fees ..........................................................................10

II.  VENUE..............................................................................................................11

III. PROCEDURAL REQUIREMENTS. ..........................................................12

IV. CONCLUSION. ...............................................................................................12

1

# TABLE OF AUTHORITIES

2

**Page**

3

## <u>CASES</u>

4

*Arias v. Residence Inn,*
    936 F.3d 920 (9th Cir. 2019) ....................................................................... 6

5

*Behrazfar v. Unisys Corp.,*
    687 F. Supp. 2d 999 (C.D. Cal. 2009) ........................................................ 6

6

7

*Cain v. Hartford Life & Accident Ins. Co.,*
    890 F. Supp. 2d 1246 (C.D. Cal. 2012) ...................................................... 6

8

*Chavez v. JPMorgan Chase & Co.,*
    888 F.3d 413 (9th Cir. 2018) ..................................................................... 11

9

10

*Dart Cherokee Basin Operating Co. v. Owens,*
    135 S. Ct. 547 (2014) .................................................................................. 3

11

*Dart Cherokee Basin Operating Co. v. Owens,*
    574 U.S. 81 (2014) .................................................................................. 3, 6

12

13

*Davis v. HSBC Bank Nevada, N.A.,*
    557 F.3d 1026 (9th Cir. 2009) ..................................................................... 5

14

*Fritsch v. Swift Transp. Co. of Ariz., LLC,*
    No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018) ....................... 10

15

16

*Galt G/S v. JSS Scandinavia,*
    142 F.3d 1150 (9th Cir. 1998) ................................................................... 10

17

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ................................................................... 11

18

19

*Henry v. Cent. Freight Lines, Inc.,*
    692 F. App'x 806 (9th Cir. 2017) ................................................................ 6

20

21

*Hertz Corp. v. Friend,*
    559 U.S. 77 (2010) ...................................................................................... 5

22

23

*Jasso v. Money Mart Express, Inc.,*
    No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ........ 11

24

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853 (9th Cir. 2001) ....................................................................... 4

25

26

*Morris v. Gilmer,*
    129 U.S. 315 (1889) ..................................................................................... 4

27

28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Portillo v. Chipotle Mexican Grill, Inc.*,
   No. ED CV-1701497-AB(JCx), 2018 WL 637386 (C.D. Cal. Jan.
4   31, 2018) ................................................................................................5

5

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ...............................................................6
6

7

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) .............................................................................6

8

**STATUTES**

9

28 U.S.C. § 1332(c)(1) ...............................................................................4

10

28 U.S.C. § 1332(d)...............................................................................3, 11

11

28 U.S.C. § 1332(d)(5)(B)........................................................................3, 4

12

28 U.S.C. § 1332(d)(6) ...............................................................................6

13

28 U.S.C. § 1446..........................................................................................3

14

28 U.S.C. § 1453..........................................................................................3

15

Bus. & Profs. Code § 17200, et seq.......................................................10

16

Bus. & Profs. Code § 7448, et seq...........................................................4

17

Bus. & Profs. Code § 7453 .......................................................................9

18

Bus. & Profs. Code § 7454 .......................................................................9

19

California Bus. & Profs. Code § 7448......................................................7

20

21

22

23

24

25

26

27

28

AMERICAN'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND PLAINTIFFS' ATTORNEY OF RECORD:**

Pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant Walmart Inc. ("Walmart") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441 and states the following grounds for removal:

1.      On November 29, 2023, Plaintiffs Pamela Sullivan, Javal Ashley, and Hilario Garcia ("Plaintiffs") filed their initial complaint in the Superior Court of the State of California, County of Los Angeles, styled and captioned as above.  The matter was given Case No. 23STCV29220 and is currently assigned to Judge Stuart M. Rice in Department 1, Spring Street Courthouse ("State Court Action").  Pursuant to 28 U.S.C. §1446(a), attached as **Exhibits A - E** are copies of all proceedings, pleadings, and orders served in the State Court Action.

2.      This case is brought as a putative class action for damages based on breach of contract, and as a representative action on behalf of Plaintiffs for injunctive relief, fees, costs, and/or other equitable relief under the California Consumer Legal Remedies Act ("CLRA"), and California Business and Professions Code §§ 17500, 17509, and 17200-208 against Walmart.  Plaintiffs allege that Walmart breached the Terms of Use Agreement (the "TOU") that it entered into with Plaintiffs and putative class members because it promised to pay Plaintiffs and putative class members a "guaranteed minimum level of earnings" under California Proposition 22 and then allegedly "regularly fail[ed] to pay [] drivers based on these promises" in the TOU.  (Compl. ¶¶ 18-19.)  Plaintiffs also allege that Walmart engaged in false advertising and unfair business practices by (1) "market[ing] to potential drivers that it pays according to Prop 22" (*id.* ¶ 20); and (2) making other allegedly "deceptive, misleading, and false representations to potential drivers regarding how and how much [they will be] paid." (*Id.* ¶ 21.)  These other alleged deceptive and misleading statements include that Walmart pays drivers more for

1  making deliveries that are further distances; that involve larger orders; and that
2  involve deliveries to apartments or heavy items—all of which Plaintiffs claim "are
3  not true." (*Id.* ¶ 23.) Plaintiffs also allege that Defendant committed acts of unfair
4  competition as defined by the California Unfair Business Practices Act related to
5  these same allegations. Based on the allegations in the Complaint and on behalf of
6  themselves and the putative class action members, Plaintiffs seek damages,
7  attorneys' fees, costs, a finding that Walmart has "engaged in unfair competition,"
8  an order enjoining Walmart from "further acts of false advertising and unfair
9  competition," and other "appropriate remed[ies] to compensate Plaintiffs and the
10 Proposed Class, as required to promote fairness and justice, including but not
11 limited to establishing procedures for compensation, compensation amounts, and
12 fluid recovery if appropriate." (*Id.* at p. 10-11.) Plaintiffs also seek restitution and
13 disgorgement of "wrongfully obtained moneys" through their Unfair Competition
14 Law claim. (*Id.* ¶ 44.)

15     3.     Walmart accepted service of the Complaint via signed Notice and
16 Acknowledgement of Receipt on January 10, 2024. Other than the documents
17 attached as **Exhibits A - E**, no other pleadings, proceedings, or orders have been
18 filed or served in this action.

19     4.     This Notice of Removal has been filed within 30 days of service of the
20 Complaint upon Walmart. As such, the requirement of 28 U.S.C. § 1446(b) that
21 removal occur within 30 days of service of the Complaint has been satisfied.

22     5.     Additionally, the statutory requirement of 28 U.S.C. § 1446(c) has
23 been met, as the Notice of Removal has been filed within one year of the
24 commencement of the State Court Action (November 29, 2023).

25     6.     Walmart denies liability on all claims alleged in this action, denies that
26 it breached any contractual obligations owed to Plaintiffs and the putative class
27 members, denies that class certification of Plaintiffs' putative class claims is proper,
28 denies that it made false and misleading representations, engaged in any false or

misleading advertising or engaged in any unfair business practices under the CLRA or the California Business and Professions Code, denies that Plaintiffs and putative class action members have been damaged in any amount, and reserves all rights and defenses in these regards.  However, for the purposes of meeting the jurisdictional requirements of removal only, Walmart submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are 100 or more members in Plaintiffs' proposed class; (b) at least some members of the proposed class, including Plaintiffs themselves, have different citizenship from one or more defendants; and (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs.[1]  28 U.S.C. §§ 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).

I.    **CLASS ACTION FAIRNESS ACT JURISDICTION**.

      A.    **Plaintiffs' Proposed Class Consists Of More Than 100 Members**.

      7.    For CAFA jurisdiction to attach, the number of putative class members of all proposed plaintiff classes in the aggregate must equal or exceed 100.  28 U.S.C. § 1332(d)(5)(B).  At Paragraph 54 of the Complaint, Plaintiffs define the putative class they seek to represent in this action as follows:

      "[A]ll Spark Drivers who have worked for Spark in the last 4 years."

      8.    Plaintiffs' reference to "Spark Drivers" refers to individuals who provide delivery services through Walmart's Spark Driver platform, an app-based

---

[1] Walmart will rely on plausible allegations to make this showing.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

delivery platform that allows independent contractor drivers to receive opportunities to deliver grocery and other general merchandise from stores to customers' homes.  (*See* Compl. ¶ 1.)

9.     From the rollout of the Spark Driver platform in California in March 2022 through December 31, 2023, over 46,000 drivers have used the Spark Driver platform to complete deliveries in California, and more drivers are signing up weekly.  Currently, there are over 24,000 active California drivers on the Spark Driver platform.  Thus, there are over 46,000 putative class members in California based on Plaintiffs' class definition, well over the 100 putative class members required for removal under CAFA.  28 U.S.C. § 1332(d)(5)(B).[2]

**B.     Diversity Of Citizenship Is Established.**

10.     Diversity of citizenship is established pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiffs and members of Plaintiffs' proposed class are citizens of California, and Walmart is not a citizen of California.

11.     Plaintiffs are all residents of and domiciled in Los Angeles, California (Compl. ¶¶ 7-9), and as such, they are citizens of California for diversity of citizenship purposes.  *See Morris v. Gilmer*, 129 U.S. 315, 328-29 (1889); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] person's state citizenship is . . . determined by her state of domicile").

12.     For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).

---

[2] This assumes that Plaintiffs seek to represent a class of California drivers given that their claims are purported to arise from obligations under California's Proposition 22 (Bus. & Profs. Code § 7448, et seq.), but Plaintiffs' putative class definition is not expressly limited as such.  (Compl. ¶¶ 55-57.) To the extent Plaintiffs seek to represent a nationwide class of drivers who have used the Spark Driver platform in the past four years—which Walmart contends would be improper— that number would be substantially larger.

4                          WALMART'S NOTICE OF REMOVAL

13.     Walmart is a corporation incorporated under the laws of Delaware, and is recognized by Plaintiffs as such.  (Compl. ¶ 10.)

14.     A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "in practice it should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009); *Portillo v. Chipotle Mexican Grill, Inc.*, No. ED CV-1701497-AB(JCx), 2018 WL 637386, at *1 (C.D. Cal. Jan. 31, 2018).  Under this test, Walmart's principal place of business is Arkansas because its "nerve center" is in Arkansas.  Walmart maintains its corporate headquarters at 702 SW 8th St. Bentonville, Arkansas 72716, where its officers direct, control, and coordinate the corporation's activities. Furthermore, Plaintiffs have acknowledged that Walmart is "a Delaware company located in Bentonville, Arkansas."  (Compl. ¶ 10.)

15.     As such, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c), Walmart is and has been for all times relevant a citizen of the State of Delaware and the State of Arkansas.

16.     Because Plaintiffs are citizens of California, while Walmart is a citizen of Delaware and Arkansas, at least one putative class member and one defendant, Walmart, are diverse from one another.  As such, the minimal diversity requirement of 28 U.S.C. § 1332(d )(2)(A) has been met.

**C.     The Aggregate Amount In Controversy Exceeds $5,000,000.**

17.     Walmart maintains that Plaintiffs' claims are without merit, that neither Plaintiffs nor the putative class members are entitled to damages or any other relief they seek in this action, and that class certification would be inappropriate.  For purposes of meeting the jurisdictional requirements of removal *only*, Walmart submits that the aggregate amount "in controversy" for all putative class members exceeds the sum or value of $5,000,000, as required by 28 U.S.C.

§ 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18.     In determining the amount in controversy, the court must "accept[] the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *see also Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).  "The removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages."  *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (citation and internal quotation marks omitted).  Indeed, the removing party need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart*, 574 U.S. at 89 (2014)).  Further, the removing party is entitled to rely on "reasonable assumptions" to do so.  *Id.* at 925.

19.     Here, Plaintiffs seek, *inter alia*, damages for alleged underpayments of the amounts Walmart contractually promised to pay them and putative class members for completing deliveries using the Spark Driver platform.  Plaintiffs also seek attorneys' fees.

20.     While Plaintiffs' Complaint lacks specificity regarding aspects of their claims, in establishing that the amount in controversy exceeds the $5,000,000 CAFA threshold, Walmart makes the following reasonable assumptions based on Plaintiffs' Complaint and the facts regarding the drivers who have completed delivery orders using the Spark Driver platform in California (*Id.; see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (defendant permitted to

"rely on reasonable assumptions" in making showing on the amount in controversy for CAFA removal)):

a. The putative class, as defined by Plaintiffs, is comprised of all of the drivers who used the Spark Driver platform to deliver orders in California from the date the program was rolled out in March 2022 to the present. (*See* Comp. ¶ 54.) While Plaintiffs' class definition could be read as purporting to seek to represent a nationwide class, for purposes of making a conservative and reasonable assumption, Walmart assumes they intend to represent only California drivers.

b. As stated in the Complaint, Plaintiffs define putative class members as those individuals who have used the Spark Driver platform to provide delivery services. (*See* Compl. ¶¶ 1, 54.) The total number of drivers who completed at least one delivery in California using the Spark Driver platform from March 2022 to December 2023 is over 46,000, with over 24,000 currently active users of the Spark Driver platform as of January 24, 2023. Thus, Walmart assumes for purposes of establishing jurisdiction that the total number of putative class members is at least 46,000.

c. Proposition 22 (California Bus. & Profs. Code § 7448) requires that drivers be paid at least 120% of the applicable minimum wage for each hour of engaged time. The California minimum wage for 2022 was $15.00 per hour; 120% of the 2022 California minimum wage was $18.00 per hour. The California minimum wage for 2023 was $15.50 per hour; 120% of the 2023 California minimum wage was $18.60. The average minimum hourly rate under Proposition 22 for putative class

WALMART'S NOTICE OF REMOVAL

1    members from March 2022 to December 31, 2023 was

2    approximately $18.30 per hour.

3    21.    In addition to these reasonable assumptions, Walmart also relies on the

4    following facts:

5        a.    In total, Plaintiffs and putative class members have completed

6            over 11,700,000 trips using the Spark Driver platform in

7            California from March 2022 to December 31, 2023, a number

8            that continues to increase.

9        b.    In total, Plaintiffs and putative class members have spent over

10            13,700,000 hours engaged on the Spark Driver platform in

11            California from March 2022 to December 31, 2023.

12            Accordingly, the average trip completed by putative class

13            members in California from March 2022 to December 31, 2023

14            was approximately 1.17 hours in duration (13,700,000 hours /

15            11,700,000 trips).

16        c.    There are a total of 1,990,110 weeks in which Plaintiffs and

17            putative class members completed trips in California from

18            March 2022 to December 2023.

19        **1.    Breach of Contract Damages**

20    22.    Plaintiffs' fifth cause of action for Breach of Contract alleges that

21    Walmart "regularly fails to pay Spark Drivers all money owed pursuant to Prop 22"

22    and that Walmart's "regular breaches of the TOU in this regard have caused

23    damages to Plaintiffs and the Proposed Class." (Compl. ¶¶ 56-57.) On this basis,

24    Plaintiffs seek to recover "breach of contract damages" on behalf of themselves and

25    the putative class. (*Id.* at p. 11.) Proposition 22—codified in Business &

26    Professions Code § 7448, et seq.—requires, *inter alia*, that drivers be paid a "net

27    earnings floor" that is at least 120% of the applicable minimum wage for each pay

28    period for every hour of engaged time, plus an amount equivalent to the per-mile

8    WALMART'S NOTICE OF REMOVAL

compensation for vehicle expenses as set by the federal government. Bus. & Profs. Code § 7453. Proposition 22 also requires that drivers be paid a quarterly health care subsidy, the amount of which depends on the driver's average number of engaged hours. *Id.* § 7454.

23.    Based on Plaintiffs' allegations it is reasonable to assume that the amount they seek in damages for Walmart's alleged breach of contract exceeds the requisite $5,000,000 amount in controversy. Plaintiffs and putative class members completed over 11,700,000 trips from March 2022 to December 31, 2023, and that number continues to increase. The average duration of these trips was approximately 1.17 hours per trip. At the average Proposition 22 minimum hourly rate for March 2022 to December 31, 2023—roughly $18.30 per hour—that would result in payment of over $21 per trip. Thus, if Plaintiffs and putative class members establish that they were unlawfully underpaid by Walmart by just two minutes per trip on average (less than 3% of the average trip duration), that would result in at least **$7,371,000** in damages (3% of $21 per trip = $0.63 in damages per trip; $0.63 per trip x 11,700,000 trips = $7,371,000). If instead Plaintiffs and putative class members establish that they were unlawfully underpaid by Walmart by three minutes per trip on average (roughly 4.2% of the average trip duration), that would result in at least **$10,296,000** in damages (4.2% of $21 per trip = $0.88 in damages per trip; $0.88 per trip x 11,700,000 trips = $10,296,000).

24.    The same is true if Plaintiffs' damages are analyzed on a weekly basis. Plaintiffs and putative class members completed trips using the Spark Driver platform in a total of over 1,990,000 weeks during the putative class period ("driver-weeks"). The average number of engaged hours per driver-week is 6.88 hours (13,700,000 /1,990,000). If Plaintiffs and putative class members establish that they were unlawfully underpaid by just 10 minutes each driver-week (less than 3% of the average hours per driver-week), that would result in damages of

WALMART'S NOTICE OF REMOVAL

approximately $6,069,500 (10 minutes x 1,990,000 = 331,666 hours; 331,666 hours
x $18.30 = $6,069,500).

25.     And critically, the above calculations all assume that Plaintiffs seek to
represent a class of California drivers who used the Spark Driver platform to
complete trips, given that their claims are purported to arise from obligations under
Proposition 22.  (Compl. ¶¶ 55-56.)  However, that itself is a conservative
assumption, as Plaintiffs define their class as "all Spark Drivers who have worked
for Spark in the last 4 years" with no geographical limitation whatsoever.  (*Id.* ¶
54.)  To the extent Plaintiffs seek to represent a nationwide class of drivers who
have used the Spark Driver platform, the number of putative class members, trips,
and driver-weeks would increase substantially, which would in turn substantially
increase their potential recovery of damages.

26.     Thus, Plaintiffs' fourth cause of action for breach of contract puts into
controversy a bare minimum of over $5,000,000 based on the allegations in
Plaintiffs' complaint, Walmart's Spark Driver platform data, and reasonable
assumptions.[3]

### 2.     Attorneys' Fees

27.     The amount in controversy also includes any attorneys' fees that may
reasonably be awarded to Plaintiffs' counsel throughout the entire course of this
litigation.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998);
*Fritsch v. Swift Transp. Co. of Ariz., LLC*, No. 18-55746, 2018 WL 3748667, at *6
(9th Cir. Aug. 8, 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if
the action succeeds, 'then there is no question that future [attorneys' fees] are "at
stake" in the litigation, [citation], and the defendant may attempt to prove that
future attorneys' fees should be included in the amount in controversy.") (quoting
*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

---

[3] Notably, Plaintiffs also seek disgorgement and restitution of these amounts under the California
Unfair Competition Law, Bus. & Profs. Code § 17200, et seq.  (Compl. ¶ 44.)

28.    The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citation omitted).  Courts have found that "it is not unreasonable for [a defendant] to rely on this estimate" for purposes of removal.  *E.g.*, *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

29.    As set forth above, Plaintiffs' claims for breach of contract damages alone put into controversy a minimum of over $5,000,000, exceeding the jurisdictional threshold under CAFA.  Adding in 25% of this conservative calculation of the amount in controversy for attorneys' fees would add approximately $1,250,000 to the amount in controversy at minimum ($5,000,000 x 25% attorney's fees).  For example, as set out above, assuming Plaintiffs and putative class members were able to establish that they were underpaid by just two minutes per trip on average, that would result in damages of at least **$7,371,000**.  If they were then awarded attorneys' fees in the amount of 25% of their damages, that would add an additional **$1,842,750** ($7,371,000 x 25%).  Thus, in total, this would result in an amount in controversy of **$9,213,750.00** ($7,371,000 + $1,842,750).

30.    In sum, while Walmart contends that Plaintiffs' claims have no merit and cannot be certified for class treatment, because the amount in controversy in this action is at least $5,000,000, the jurisdictional threshold under CAFA is satisfied, and removal is proper.  *See* 28 U.S.C. § 1332(d).

## II.    VENUE.

31.    Plaintiffs' State Court Action was commenced in the Superior Court of the State of California for the County of Los Angeles and, pursuant to 28 U.S.C. §§ 84(c), 1446(a), (b) and (c), and 1453, may be removed to this United States District Court for the Central District of California, which embraces Los Angeles within its jurisdiction.

11

WALMART'S NOTICE OF REMOVAL

1    **III.    PROCEDURAL REQUIREMENTS.**

2         32.    Walmart satisfies the procedural requirements for removal.

3         33.    Pursuant to 28 U.S.C. § 1441(a), Walmart has removed this case to the

4    district and division embracing the place where the State Court Action is pending.

5         34.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

6    orders filed in the State Court Action are attached hereto as **Exhibits A - E**.

7         35.    Pursuant to 28 U.S.C. § 1446(b)(1), (c), this Notice of Removal is

8    timely because it was filed within thirty (30) days of service of the Complaint on

9    Walmart and within one year of commencement of the action.

10        36.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will

11   be served upon all parties and a copy filed with the Clerk of Court for Department 1

12   of the Superior Court of the State of California, County of Los Angeles, Spring

13   Street Courthouse.

14   **IV.    CONCLUSION.**

15        37.    For the reasons stated herein, pursuant to 28 U.S.C. §§ 1332(d), 1441,

16   1446, and 1453, the State Court Action may be removed to federal district court,

17   and Walmart respectfully requests that it be so removed.

18        WHEREFORE, Walmart respectfully gives notice of and removes this action

19   to this Court.

20

21        Dated:  February 8, 2024              O'MELVENY & MYERS LLP

22                                              SCOTT VOELZ
                                                PAUL A. HOLTON
23                                              ALLISON N. BADER
                                                JAMIE BUTTS
24

25                                              By:    /s/ Scott Voelz
26                                                     Scott Voelz
                                                Attorneys for Defendant
27                                              WALMART INC.

28

12                    WALMART'S NOTICE OF REMOVAL

# EXHIBIT A

Christopher J. Hamner, Esq. (SBN 197117)
Evelina M. Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/29/2023 7:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PAMELA SULLIVAN, JAVAL ASHLEY and HILARIO GARCIA<br><br>Plaintiffs<br><br>v.<br><br>WALMART, INC., dba SPARK, and DOES 1 THROUGH 5, inclusive<br><br>Defendants | Case No.: 23STCV29220<br><br>**COMPLAINT FOR:**<br><br>1. **CONSUMER LEGAL REMEDIES ACT (CLRA) (CAL. CIV. CODE § 1750 et seq.)**<br>2. **FALSE ADVERTISING (CAL. BUS. & PROF. CODE §§ 17500 and 17509)**<br>3. **UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200-17208)**<br>4. **INJUNCTIVE RELIEF**<br>5. **BREACH OF CONTRACT (CLASS ACTION)** |

## I.   INTRODUCTION

1.   In September 2020, Walmart established "Spark by Walmart" ("Spark"), a crowdsourced delivery platform which utilizes independent contractors ("Spark Drivers") for delivery of Walmart store items to customers. Spark Drivers use their personal vehicles to pick up online orders from Walmart stores and then deliver them to the customer's doorstep. This initiative was part of Walmart's strategy to bolster its e-commerce delivery services, directly challenging other delivery service providers like DoorDash and UberEats. Spark Drivers deliver an array of products, including groceries and general merchandise, sourced from Walmart's stores.

1

2.    Per Proposition 22 ("Prop 22"), passed in November of 2020 and signed into law on December 17, 2020, Spark Drivers in California are classified as independent contractors, not employees, and receive compensation based on a guaranteed minimum earning formula.

3.    This earnings guarantee is determined by a combination of two factors: the time spent on trips (engaged time), and the distance traveled during deliveries (mileage pay).  Spark Drivers receive payment per minute of engaged time, covering the duration from accepting a trip request to completing the delivery, as well as payment per mile driven while on a delivery.  The minimum earnings threshold for Spark Drivers requires Walmart to supplement a driver's earnings if the driver falls below this minimum number of hours worked.  Additionally, drivers working more than 15 hours per week are eligible for healthcare subsidies and occupational accident insurance coverage provided by Walmart. These payment and benefit provisions are designed to ensure that Spark Drivers receive compensation that reflects their work hours and distance traveled, while maintaining their independent contractor status.

4.    In an effort to procure Spark Drivers, Spark markets and advertises on the internet that, consistent with Prop 22, its drivers will be paid certain amounts for various types of driving work.  Plaintiffs allege in this Complaint that Spark does not actually pay its drivers the amounts Spark advertises to the general public.  Plaintiffs therefore seek injunctive relief on behalf of the public at large to correct this unfair and misleading marketing and advertising.  This is the basis for Plaintiffs' CLRA, Unfair Business Practices, False Advertising, and Injunctive Relief claims.

5.    After California workers begin the sign-up process to work as a Spark Driver, Spark provides them with Spark's Terms of Use ("TOU") to agree to.  The TOU represents that Spark Drivers are paid according to Prop 22.

6.    Unfortunately for Plaintiffs and their fellow Spark Drivers, Spark regularly fails to pay them all money due under Prop 22 and the TOU for their driving work. Plaintiffs therefore seek class-wide breach of contract relief for themselves and a Proposed Class of Spark Drivers who have also not been paid as promised by Spark.

## II.  THE PARTIES

### A.    Plaintiffs

7.    Plaintiff Pamela Sullivan is a California resident, who is a current Spark Driver in Los Angeles, California.

8.    Plaintiff Javal Ashley is a California resident, who is a former Spark Driver in Los Angeles, California.

2

Complaint

9.  Plaintiff Hilario Garcia is a California resident, who is a current Spark Driver in Los Angeles, California.

**B.** **Defendants**

10.  Plaintiffs allege Defendant Walmart, Inc. dba Spark is a Delaware corporation, located in Bentonville, Arkansas.  Walmart owns and operates Spark, which regularly and systematically does business in Los Angeles County.

11.  Plaintiffs allege Walmart has hired thousands of Spark Drivers throughout Los Angeles County, California.

12.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiffs are informed and believe, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Walmart dba Spark and DOE Defendants are hereinafter referred to as "Defendants."

### III.    JURISDICTION

13.  This is a civil action brought under and pursuant to the California Labor Code, the California Civil Code, and the California Business & Professions Code.  This Court has jurisdiction over Plaintiffs' claims pursuant to California Code of Civil Procedure § 410.10.

14.  The monetary relief which Plaintiffs seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

15.  Venue is proper in this Court pursuant to Cal. Code Civ. Proc.§§ 395 and 395.5 because Plaintiffs are residents of Los Angeles County in California, and Plaintiffs and many other similarly situated aggrieved workers engage in driving work for Spark in the county of Los Angeles, California. Furthermore, Defendants regularly engage in business activities in Los Angeles County.

### IV.   FACTUAL ALLEGATIONS

**A. PROP 22**

16.  On November 3, 2020, California voters passed Prop 22".  Prop 22 established a specific framework for gig economy, or "app-based drivers," classifying them as independent contractors rather than employees.  Under Prop 22, app-based drivers are entitled to certain

3

Complaint

benefits, such as minimum earnings, healthcare subsidies for those working over 15 hours per week, and occupational accident insurance. Prop 22 does not provide for traditional employee benefits like overtime pay, paid leave, or unemployment insurance.

17. Prop 22 explicitly classifies app-based drivers as independent contractors rather than employees, provided they meet certain conditions. Prop 22 provides for a guaranteed minimum level of earnings. This guarantee is based on a formula which aims to take into account the driver's time spent on trips, the mileage driven, and other factors. The "guaranteed earnings" provided by Prop 22 are:

- Engaged Time Payment: Spark Drivers must be paid an amount per minute of engaged time, which includes the time they spend from accepting a trip request to completing the delivery.

- Mileage Payment: Spark Drivers must receive a payment per mile driven while on a trip. This payment accounts for the distance they cover during the delivery.

- Minimum Earnings: Prop 22 sets a minimum earnings threshold for Spark Drivers. If a driver's earnings, including both engaged time and mileage pay, fall below this minimum threshold, Spark is required to make up the difference to ensure that the Spark Driver earns at least a minimum amount.

- Additional Benefits: Spark Drivers who work more than 15 hours per week are entitled to receive healthcare subsidies from the platform company. Spark Drivers must also provided with occupational accident insurance coverage.

**B. SPARK PROMISES TO PAY ITS DRIVERS BASED ON PROP 22**

18. The Spark TOU provides that Spark will pay its drivers based on Prop 22.

19. As set forth below, Spark regularly fails to pay its drivers based on these promises in the Spark TOU.

**C. SPARK'S FALSE ADVERTISING AND UNFAIR BUSINESS PRACTICES**

20. Spark advertises and markets to potential drivers that it pays according to Prop 22. This is not true. Plaintiffs and other Spark Drivers are regularly paid less than what Prop 22 would provide.

21. Plaintiffs allege Spark makes deceptive, misleading, and false representations to potential drivers regarding how and how much Spark Drivers are paid.

4

Complaint

22.   At https://drive4spark.walmart.com/driver-earnings, Spark represents the following to potential drivers:



23.   Plaintiffs allege the above marketing statements by Walmart are not true.  Plaintiffs and other Spark  Drivers often do not earn more money for every delivery which is "farther away."  Spark Drivers are not necessarily paid more on "larger orders."  Spark Drivers do not always receive higher payments on deliveries to apartments or for heavy items.  This is the only information provided to prospective drivers prior to agreeing to become a Spark Driver.

24.   Only after agreeing to join the program are drivers able to review the Spark TOU.  The TOU does not clarify or further explain how drivers are paid more in certain situations, and only states the following:

/ / /

/ / /

/ / /

/ / /

5

Complaint



## Calculating your earnings

Your **earnings** include confirmed earnings from delivery trips, incentives, and tips.
Your **net earnings** include all of your confirmed earnings in a pay period (it doesn't include tips, but it may include incentives or other bonuses).
Proposition 22 ensures that California drivers earn at least the **net earnings floor**:
  • The sum of 120% of applicable minimum wage for engaged time (minimum wage varies by location)
  • $0.30 per engaged mile
The per mile compensation for vehicle expenses is multiplied by the total number of engaged miles.

## Calculating your earnings adjustment

If your net earnings in each earning period are less than the net earnings floor, you'll receive an earnings adjustment to make up the difference.
Tips aren't calculated as part of the net earnings floor.

## Payment cycle

  • Bi-weekly schedule
  • For each earning period (14 calendar days), your net earnings are compared to the net earnings floor for the same period to determine if an earnings adjustment is needed.

## Want to learn more?

Getting Started CA FAQ

25.  Plaintiffs allege the above representations are untrue and misleading, and constitute false advertising in multiple respects.

26.  On August 28, 2023, Plaintiff Javal Ashley sent a CLRA Notice Letter to Walmart alleging that Walmart's Spark program violated the following provisions of the CLRA:

1.  Section 1770(a)(5): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

2.  Section 1770(a)(6): "Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand."

6

Complaint

3.  Section 1770(a)(7): "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

4.  Section 1770(a)(8): "Disparaging the goods, services, or business of another by false or misleading representation of fact."

5.  Section 1770(a)(9): "Advertising goods or services with intent not to sell them as advertised."

6.  Section 1770(a)(16): "Representing that a part, replacement, or repair service is needed when it is not."

7.  Section 1770(a)(17): "Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction."

8.  Section 1770(a)(25): "Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

**D. SPARK'S BREACH OF ITS TOU**

27.  Plaintiffs allege that at the time they and other Spark Drivers agree to become Spark Drivers, they are required to execute the TOU.

28.  Plaintiffs and the Proposed Class of Spark Drivers are often not paid the correct amounts provided for in Prop 22 and promised to Spark Drivers in the Spark TOU.

29.  Plaintiffs allege Spark regularly fails to pay for all mileage incurred by Spark Drivers for deliveries. Plaintiffs allege Spark regularly fails to pay for all engaged time worked by Spark Drivers. Plaintiffs allege Spark regularly fails to pay Spark Drivers the minimum earnings Spark is required to under Prop 22 and the TOU. Plaintiffs allege Spark does not pay on the schedule represented in the TOU.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### CONSUMER LEGAL REMEDIES ACT (CLRA)

### (CAL. CIV. CODE § 1750 *et seq.*)

30.  Plaintiffs reallege and incorporate by this reference each of the foregoing as if set forth herein.

31.  Plaintiffs and the Proposed Class agreed to become Spark Drivers based on representations made by Spark in its online marketing statements and in its TOU, including

7

Complaint

representations regarding the compensation for Spark Drivers.

32.  Plaintiffs allege these representations are false and misleading.

33.  Defendants have failed to pay its drivers in accordance with the representations made regarding compensation, resulting in financial losses and damages suffered by Plaintiffs and other Spark Drivers.

34.  Plaintiffs allege that Defendants' conduct, as described above, violates the Consumer Legal Remedies Act (CLRA) as set forth in California Civil Code § 1750 *et seq*.

35.  Plaintiffs seek public injunctive relief, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FALSE ADVERTISING

## (CAL. BUS. & PROF. CODE §§ 17500 and 17509)

36.  Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

37.  Plaintiffs allege Defendants have disseminated advertising to the public in California which: (a) contain statements that are untrue and misleading; (b) Defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue, or misleading; (c) concern the personal property or services or their disposition or performance; and (d) was likely to mislead or deceive a reasonable consumer.  The illegal, untrue, and misleading representations made by Defendants include but are not limited to words stating or implying that Spark Drivers will be compensated pursuant to Prop 22.

38.  Pursuant to Business and Professions Code Section 17535 Plaintiffs seek a public injunction, and attorneys fees and costs.

## THIRD CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

## (CAL. BUS. & PROF. CODE §§ 17200-17208)

39.  Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

40.  Defendants' conduct, as set forth above, violates the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.)  Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Business and Professions Code Section 17500.

8

Complaint

41. As a result of Defendants' unlawful conduct Plaintiffs and other Spark Drivers have suffered injury and continue to suffer injury.

42. The actions of Defendants as alleged herein were and are false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

43. Plaintiffs are entitled to an injunction, specific performance under Business and Professions Code section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

44. As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and thousands of other members of the public who become Spark Drivers. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff and the public wrongfully obtained moneys pursuant to Business and Professions Code, sections 17200 *et seq.*

45. Plaintiff is informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their unlawful and unfair conduct alleged herein.

46. Pursuant to California Business and Professions Code § 17203, Plaintiffs seek declaratory and injunctive relief for Defendants' unlawful.

47. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## FOURTH CAUSE OF ACTION
### REQUEST FOR INJUNCTION

48. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

49. Plaintiffs and the general public have and continue to be prejudiced by Defendants' unfair trade practices alleged herein.

50. As a direct and proximate result of the unfair business practices of Defendants, Plaintiffs are entitled to equitable and injunctive relief mandating Defendants to cease and desist from engaging in the practices described herein. The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future.

/ / /

9

Complaint

51.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they and members of the public deciding to become a Spark Driver will continue to be harmed.

52.  Plaintiffs request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to engage in the unlawful acts alleged herein.

**FIFTH CAUSE OF ACTION**

**BREACH OF CONTRACT (CLASS ACTION)**

53.  Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

54.  Plaintiffs seek to represent all Spark Drivers who have worked for Spark in the last 4 years.  This is the only claim for which Plaintiffs seek class action relief in this matter.

55.  Plaintiffs and the Proposed Class of Spark Drivers entered into the Spark TOU which provides that Spark Drivers will be paid pursuant to Prop 22.

56.  Plaintiffs allege that Spark regularly fails to pay Spark Drivers all money owed pursuant to Prop 22.

57.  Plaintiffs allege that Spark's regular breaches of the TOU in this regard have caused damages to Plaintiffs and the Proposed Class.

58.  Plaintiffs allege this breach of contract claim is properly brought as a class action pursuant to California Code of Civil Procedure section 382 because: (1) the proposed class members of the proposed class are so numerous that their individual joinder is impracticable; (2) common questions of law and fact exist as to all members of the proposed class; (3) Plaintiffs' claims are typical of the claims of the proposed class; (4) Plaintiffs will fairly and adequately protect the interests of the members of the proposed class; (5) Plaintiffs have retained counsel experienced in complex labor and consumer class action litigation; (6) a class action is superior to all other available means for the fair and efficient adjudication of this controversy.

**VI.    PRAYER FOR RELIEF**

Plaintiffs pray as follows:

1.  That Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

2.   That Defendants be enjoined from further acts of false advertising and unfair

Complaint

competition against the general public;

      3.  That Plaintiffs and the Proposed Class be awarded breach of contract damages as alleged herein.

      4.  That Plaintiffs be awarded Attorneys' fees and costs pursuant to statute;

      5.  Otherwise, determine the appropriate remedy to compensate Plaintiffs and the Proposed Class, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts, and fluid recovery if appropriate.

DATED:  November 27, 2023          **HAMNER LAW OFFICES, APLC**

*Chris Hamner*

_____

By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiffs

11

Complaint

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC., dba SPARK, and DOES 1 THROUGH 5, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAMELA SULLIVAN, JAVAL ASHLEY and HILARIO GARCIA

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/29/2023 7:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill St., Los Angeles, CA 91302

**CASE NUMBER:** *(Número del Caso):*
**23STCV29220**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher J. Hamner, Esq. 26565 West Agoura Road, Suite 200, Calabasas, CA 91302, Telephone: (888) 416-6654

DATE: 11/29/2023                          Clerk, by                          , Deputy
*(Fecha)*   David W. Slayton, Executive Officer/Clerk of Court   *(Secretario)*   S. Trinh   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]          [ Clear this form ]

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: 197117<br>NAME: Christopher J. Hamner (SBN 197117)<br>FIRM NAME: Hamner Law Offices, APLC<br>STREET ADDRESS: 26565 West Agoura Road, Suite 200<br>CITY: Calabasas    STATE: CA    ZIP CODE: 91302<br>TELEPHONE NO.: 888-416-6654    FAX NO.:<br>E-MAIL ADDRESS: chamner@hamnerlaw.com<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Mosk

Plaintiff/Petitioner: SULLIVAN ET AL.
Defendant/Respondent: WALMART

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23STCV29220 |
|---|---|

TO (insert name of party being served): SULLIVAN ET AL. v. WALMART

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/22/23

Chris Hamner
(TYPE OR PRINT NAME)                                 ► _____ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):

    Court order on Scheduling of Initial Status Conference
    Initial Status Conference Order

(To be completed by recipient):

Date this form is signed: _____

_____                                   ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]  [Save this form]                    [Clear this form]

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher J. Hamner, Esq. (SBN 197117)<br>26565 West Agoura Road, Suite 200<br>Calabasas, California 91302<br>　TELEPHONE NO.: (888) 416-6654　　FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/29/2023 7:41 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Trinh, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Mosk

CASE NAME
Sullivan et al. v. Walmart, Inc. dba Spark

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV29220 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties　　d. [X] Large number of witnesses
　b. [ ] Extensive motion practice raising difficult or novel　　e. [ ] Coordination with related actions pending in one or more
　　　issues that will be time-consuming to resolve　　　　　courts in other counties, states, or in a federal
　c. [ ] Substantial amount of documentary evidence　　　　court
　　　　　　　　　　　　　　　　　　　　　　　　　　f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1, 5
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 27, 2023

Christopher J. Hamner, Esq.　　　　　　　　　　　　　　　▶　　/s/ Chris Hamner
_____　　　　　_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sullivan et al. v. Walmart, Inc. dba Spark | 23STCV29220 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sullivan et al. v. Walmart, Inc. dba Spark | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sullivan et al. v. Walmart, Inc. dba Spark | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                   AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sullivan et al. v. Walmart, Inc. dba Spark | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Sullivan et al. v. Walmart, Inc. dba Spark | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br><br>1827 Walnut Grove Ave. |
|---|---|

| CITY:<br>Rosemead | STATE:<br>CA | ZIP CODE:<br>91770 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __11/29/2023__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/29/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Trinh _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV29220 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stuart M. Rice | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/30/2023
　　(Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Trinh _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

23STCV29220
PAMELA SULLIVAN, et al. vs WALMART, INC.

December 5, 2023
4:14 PM

Judge: Honorable Stuart M. Rice
Judicial Assistant: A. He
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/12/2024 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

23STCV29220                                                   December 5, 2023
PAMELA SULLIVAN, et al. vs WALMART, INC.                      4:14 PM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: A. He                ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

**23STCV29220**                                                     December 5, 2023
**PAMELA SULLIVAN, et al. vs WALMART, INC.**                        4:14 PM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: A. He                ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

FILED
Superior Court of California
County of Los Angeles

12/05/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. He _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PAMELA SULLIVAN; JAVAL ASHLEY; and HILARIO GARCIA, | Case No.: 23STCV29220 |
| Plaintiffs, | **INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)** |
| v. | Case Assigned for All Purposes to Judge Stuart M. Rice |
| WALMART, INC., dba SPARK, | Department: 1 |
| Defendant(s). | |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of Rule 3.400(a) and to promote effective decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

1

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1.     **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.     **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3.     **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4.     **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5.     **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6.     **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**7.    OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**8.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**9.    POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**10.    CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11.    PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12.    DISCOVERY:** Discovery is stayed until further order of the Court. Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit

extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose. See California Rule of Court, Rule 3.768

**13.    INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14.    ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15.    TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16.    REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . .   Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."

California Rule of Court, Rule 3.770.

If the parties settle the class action, that too will require judicial approval based on a noticed motion.

**17.    REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18.    NOTICE OF THE INITIAL STATUS CONFERENCE ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

**19.    e-Service Provider**

The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases. The parties must sign up with the provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected. While the parties are free to choose any approved service, Department 1 prefers Case Anywhere.

Dated: December 5, 2023



Stuart M. Rice / Judge

Honorable Stuart M. Rice
Judge of the Los Angeles Superior Court