Christopher J. Hamner, Esq. (SBN 197117)
Evelina M. Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SULLIVAN, JAVAL ASHLEY and HILARIO GARCIA<br><br>Plaintiffs<br><br>v.<br><br>WALMART, INC., dba SPARK, and DOES 1 THROUGH 5, inclusive<br><br>Defendants | Case No.: 2:24-cv-01111-MCS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **CONSUMER LEGAL REMEDIES ACT (CLRA) (CAL. CIV. CODE § 1750 *et seq.*)**<br>2. **FALSE ADVERTISING (CAL. BUS. & PROF. CODE §§ 17500 and 17509)**<br>3. **UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200 - 17208)**<br>4. **INJUNCTIVE RELIEF** |

## I.    THE PARTIES

### A.    Plaintiffs

1.   Plaintiff Pamela Sullivan is a California resident, who is a current Spark Driver in Los Angeles, California.

2.    Plaintiff Javal Ashley is a California resident, who is a former Spark Driver in Los Angeles, California.

1

3. Plaintiff Hilario Garcia is a California resident, who is a current Spark Driver in Los Angeles, California.

### B. **Defendants**

4. Plaintiffs allege Defendant Walmart, Inc. dba Spark ("Spark") is a Delaware corporation, located in Bentonville, Arkansas. Walmart owns and operates Spark, which regularly and systematically does business in Los Angeles County.

5. Plaintiffs allege Walmart has hired thousands of Spark drivers throughout California.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Walmart dba Spark and DOE Defendants are hereinafter referred to as "Defendants."

### II. ALLEGATIONS

7. In September 2020, Walmart established "Spark by Walmart," a crowdsourced delivery platform which utilizes independent contractors ("Spark drivers") for delivery of Walmart store items to customers. Spark drivers use their personal vehicles to pick up online orders from Walmart stores and then deliver them to the customer's doorstep. This initiative was part of Walmart's strategy to bolster its e-commerce delivery services, directly challenging other delivery service providers like DoorDash and UberEats. Spark drivers deliver an array of

2

First Amended Complaint

products, including groceries and general merchandise, sourced from Walmart's stores.

8. In its online marketing materials available to the general public, Spark represents the following to potential Spark drivers:



9. Plaintiffs allege that Spark does not have a fair, consistent or clear means for paying its drivers "extra pay" for larger orders, or extra earnings for orders that need a little help. Plaintiffs allege that there is actually no way for Spark drivers to ever know how much this extra pay is, or if and when it is actually awarded to Spark drivers. For some orders, Spark does indicate the order is a "large" order or an "apartment" order. However, Spark drivers are never provided *any information* regarding how much extra pay is being provided for these orders, how the purported extra pay has been calculated, confirmation that extra pay has been made to the driver, or any specifics on what types of orders qualify for the purported extra pay. In short, despite the advertisement to the general public referenced above, there is no way to know if or in what situations this advertised extra pay is ever made to Spark drivers. Plaintiffs alleged the awarding of this extra pay is arbitrary and these advertisements by Spark are designed to unfairly induce

3

First Amended Complaint

members of the general public to become a Spark driver. As such, Plaintiffs allege these advertisements are misleading and deceptive to all members of the public who view them and rely upon them to consider whether to apply to be a Spark driver.

10. Plaintiffs allege that absent any explanation and clarification provided to the general public of the basic details regarding this purported extra pay, the promise to pay this extra pay can never be verified, is illusory, and is a material misrepresentation to the general public.

11. This First Amended Complaint is brought solely for the benefit of the general public and is designed to prevent further harm to the public at large rather than to redress or prevent injury to Plaintiffs or any specified group of Spark drivers.

12. On August 28, 2023, Plaintiff Javal Ashley sent a CLRA Notice Letter to Walmart alleging that Walmart's Spark program violated the following provisions of the CLRA:

1. Section 1770(a)(5): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

2. Section 1770(a)(6): "Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand."

3. Section 1770(a)(7): "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

4. Section 1770(a)(8): "Disparaging the goods, services, or business of another by false or misleading representation of fact."

First Amended Complaint

5. Section 1770(a)(9): "Advertising goods or services with intent not to sell them as advertised."

6. Section 1770(a)(16): "Representing that a part, replacement, or repair service is needed when it is not."

7. Section 1770(a)(17): "Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction."

8. Section 1770(a)(25): "Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

### III.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**CONSUMER LEGAL REMEDIES ACT (CLRA)**

**(CAL. CIV. CODE § 1750 *et seq*.)**

13. Plaintiffs reallege and incorporate by this reference each of the foregoing as if set forth herein.

14. Spark's online advertisements to the general public make representations in its online advertising that is pays extra on certain orders are unverifiable, illusory and false.

15. Plaintiffs allege that Defendants' conduct, as described above, violates the Consumer Legal Remedies Act (CLRA) as set forth in California Civil Code § 1750 *et seq*.

16. Plaintiffs seek an injunction mandating Walmart/Spark to disclose in its advertising to the general public: (1) how much extra pay drivers can earn for large or special orders; (2) generally, how this pay is calculated; (3) what are the specific sizes or types of orders which qualify for extra pay; and that (4) payments made to

5

First Amended Complaint

Spark drivers will indicate how much extra pay, if any, has been paid to a driver for each delivery.

## SECOND CAUSE OF ACTION
## FALSE ADVERTISING
## (CAL. BUS. & PROF. CODE §§ 17500 and 17509)

17. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

18. Plaintiffs allege Defendants have disseminated advertising to the public in California which: (a) contain statements that are untrue and misleading; (b) Defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue, or misleading; (c) concern the personal property or services or their disposition or performance; and (d) was likely to mislead or deceive a reasonable consumer.

19. Pursuant to Business and Professions Code Section 17535 Plaintiffs seek an injunction mandating Walmart/Spark to disclose in its advertising to the general public: (1) how much extra pay drivers can earn for large or special orders; (2) generally, how this pay is calculated; (3) what are the specific sizes or types of orders which qualify for extra pay; and that (4) payments made to Spark drivers will indicate how much extra pay, if any, has been paid to a driver for each delivery.

## THIRD CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. CODE §§ 17200-17208)

20. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

First Amended Complaint

21. Defendants' conduct, as set forth above, violates the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Business and Professions Code Section 17500.

22. As a result of Defendants' unlawful conduct the general public has been and continues to be deceived by Spark's advertisements that Spark drivers earn extra pay for large or special orders.

23. The actions of Defendants as alleged herein were and are false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

24. Plaintiffs are entitled to an injunction under Business and Professions Code section 17202 to prevent future loss to the general public, for which there is no other adequate remedy at law.

25. As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and thousands of other members of the public who, in reliance on Spark's advertising of extra pay for certain orders, become Spark drivers.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendants have been and are unjustly enriched through their unlawful and unfair conduct alleged herein.

27. Pursuant to California Business and Professions Code § 17203, Plaintiffs seek declaratory and injunctive relief regarding Defendants' unlawful and false advertising.

First Amended Complaint

## FOURTH CAUSE OF ACTION

## REQUEST FOR INJUNCTION

28. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

29. The general public has and continues to be prejudiced by Defendants' unfair trade practices alleged herein.

30. As a direct and proximate result of the unfair business practices of Defendants, Plaintiffs are entitled to the injunctive relief requested herein above.

31. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this First Amended Complaint, members of the public deciding to become a Spark Driver will continue to be misled and harmed.

32. Plaintiffs request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to engage in the unlawful acts alleged herein above.

## VI.   PRAYER FOR RELIEF

Plaintiffs pray as follows:

1. That Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

2. The mandatory injunctive relief requested herein;

3. That Defendants be enjoined from further acts of false advertising and unfair competition against the general public;

4. That Plaintiffs and the Proposed Class be awarded breach of contract damages as alleged herein.

5. That Plaintiffs be awarded Attorneys' fees and costs pursuant to statute, including but not limited to, California Code of Civil Procedure § 1021.5.

6. Any other orders or findings the court deems appropriate.

8

First Amended Complaint

DATED: February 28, 2024                HAMNER LAW OFFICES, APLC

*Chris Hamner*

_____
By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiffs

First Amended Complaint