UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-01111-MCS-E | Date March 13, 2024 |
| Title *Sullivan v. Walmart, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 18)

Plaintiffs Pamela Sullivan, Javal Ashley, and Hilario Garcia move to remand this action to Los Angeles County Superior Court. (Mot., ECF No. 18.) They argue that jurisdiction under the Class Action Fairness Act ("CAFA") no longer exists because they amended their complaint to delete class allegations. (Mot. 3; *compare* FAC, ECF No. 11, *with* Compl., ECF No. 1.)[1] The Court deems the motion appropriate for decision without further briefing or oral argument and vacates the hearing set for April 22, 2024. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum

---

[1] The Court prepared this Order after it granted Plaintiffs further leave to amend their pleading but before the filing of any further amended pleading. The anticipated amendment to the pleading has no bearing on the Court's analysis of the motion.

or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Importantly for the purpose of this motion, subject-matter jurisdiction is tested at removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). "[J]urisdiction under CAFA is secure even [if], after removal, the plaintiffs amend[] their complaint to eliminate the class allegations." *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); *see United Steel v. Shell Oil Co.*, 602 F3d 1087, 1091–92 (9th Cir. 2010) ("[P]ost-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing."); *e.g.*, *Gray v. Marathon Petrol. Logistics Servs., LLC*, No. CV 20-7865-JFW (JCx), 2021 U.S. Dist. LEXIS 125481, at *7–8 (C.D. Cal. July 2, 2021) (collecting cases).

Plaintiffs' amendment of the complaint to remove class allegations does not disturb the Court's jurisdiction. Plaintiffs offer a line of cases holding that claimants may amend their pleadings after removal to clarify and amplify allegations that might show the federal courts lack jurisdiction under CAFA. (Mot. 8–9 (citing *Broadway Grill v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017), and *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)).) But those decisions pertain to amendments that "provide some amplification, for federal jurisdictional purposes, of the nature of plaintiffs' allegations"—not to amendments that "alter the definition of the class" or modify the fundamental class-based nature of the suit. *Broadway Grill*, 856 F.3d at 1277; *cf. Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) ("The state of things and the originally alleged state of things are not synonymous . . . ."). Plaintiffs also cite an unpublished circuit case for the proposition that a case may be remanded to state court once class claims are dismissed. (Mot. 7–8 (quoting *Kennedy v. Nat. Balance Pet Foods, Inc.*, 361 F. App'x 785, 787 (9th Cir. 2010)).) More recent, binding circuit authority is in direct conflict with that proposition. *United Steel*, 603 F.3d at 1092.

Plaintiffs' original complaint unambiguously asserted class allegations and a class claim. (*E.g.*, Compl. ¶ 6 ("Plaintiffs therefore seek class-wide breach of contract relief for themselves and a Proposed Class of Spark Drivers . . . ."); *id.* ¶ 58 ("Plaintiffs allege this breach of contract claim is properly brought as a class action . . . .").) Their decision to drop the class component of their case does not divest the Court of jurisdiction. The motion is denied.

Nothing in this Order prevents Plaintiffs from voluntarily dismissing this federal action without prejudice and pursuing their individual claims in state court.

**IT IS SO ORDERED.**